UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HELMER JOE ENGRAVE, | ) Case No. EDCV 12-2021 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## I.  SUMMARY

On November 19, 2012, plaintiff Jeff Helmer Joe Engrave ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion" with "Plaintiff's Exhibit 1") and ("Defendant's Motion").  The Court has taken both motions under submission

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

1

without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 27, 2012 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[2]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 23, 2008, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 136). Plaintiff asserted that he became disabled on December 31, 2005, due to carpal tunnel syndrome (both arms), damaged unler [sic] nerve (both arms), herniated disc (L5 S1), protruding disc in neck, asthma, arthritis (upper back), injury to right knee/foot/ankle/hips/back, sciatica, loss of mobility in hands and arms, herniated disk, and severe pain (hands, neck, shoulder, arm, back, buttocks, legs, feet). (AR 185). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on May 17, 2010. (AR 54-86).

On June 19, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 35-45). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: degenerative disc disease of the cervical spine (AR 37); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 39); (3) plaintiff retained the residual functional capacity to perform light work

---

[2]The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

(20 C.F.R. § 404.1567(b)) with additional limitations[3] (AR 39); (4) plaintiff could not perform his past relevant work (AR 43); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically bench assembler, assembler of small products, and packer (AR 43-44); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 42).

The Appeals Council denied plaintiff's application for review. (AR 4).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

---

[3]The ALJ determined that plaintiff could (1) lift/carry 20 pounds occasionally and 10 pounds frequently; (2) sit six hours in an eight-hour workday with regular breaks; (3) stand/walk six hours in an eight-hour workday with regular breaks; (4) frequently climb stairs and ramps; (5) frequently stoop, crouch and kneel; (6) occasionally crawl, walk on uneven terrain, and climb ladders; (7) frequently perform gross and fine manipulation bilaterally; and (8) occasionally reach with his right upper extremities at or above shoulder levels, but needed to avoid overhead reaching with the right upper extremity. (AR 39).

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal

error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.   DISCUSSION

Plaintiff essentially contends that a reversal or remand is warranted because the ALJ's determination at step five that there are jobs that exist in significant numbers in the national economy which plaintiff could perform is not supported by substantial evidence. The Court disagrees.

### A.   Pertinent Law

If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A). Testimony from a vocational expert may constitute substantial evidence of a claimant's ability to perform work which

exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record.  See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

### B.   Analysis

Here, plaintiff essentially contends that, in light of new vocational evidence plaintiff presented to the Appeals Council (specifically, reports generated by the "Job Browser Pro" software program ("Job Browser Pro reports") (Plaintiff's Ex. 1) which reflect that there are actually very few positions available in the regional/national economy for bench assembler, assembler of small products, and packer, and thus undermine the vocational expert's opinion that such representative jobs exist in "significant numbers" in the national economy), the vocational expert's testimony could not serve as substantial evidence supporting the ALJ's non-disability determination at step five. (Plaintiff's Motion at 4-11; Plaintiff's Ex. 1).  To the extent the Appeals Council considered the Job Browser Pro reports in deciding whether to review the ALJ's decision, this Court also must consider such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error.[4]  See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1162-63 (9th Cir. 2012)

---

[4]Although plaintiff asserts that he submitted the Job Browser Pro reports to the Appeals Council in support of his request for review of the ALJ's decision (Plaintiff's Motion at 6 n.3), such reports were not included in the Certified Administrative Record lodged with the Court.  Nonetheless, any failure by the Appeals Council to consider the Job Browser Pro reports would be harmless since, as discussed in detail below, a remand or reversal is not warranted in this case even if the Job Browser Pro reports are considered.

("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). A reversal or remand is not warranted on the asserted basis.

First, substantial evidence supports the ALJ's non-disability determination at step five. Plaintiff does not dispute the accuracy of the hypothetical question the ALJ posed to the vocational expert. Thus, the vocational expert's testimony in response to the ALJ's complete hypothetical question, without more, was substantial evidence supporting the ALJ's determination that plaintiff was able to perform work which exists in significant numbers in the national economy. See Tackett, 180 F.3d at 1101; see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). Plaintiff's currently asserted lay assessment of raw vocational data derived from the Job Browser Pro software does not, as plaintiff argues, undermine the reliability of the vocational expert's opinion which the ALJ adopted at step five.[5]

---

[5] While plaintiff identifies several decisions which generally acknowledge the accuracy of data generated by the Jobs Browser Pro program (Plaintiff's Motion at 8-9), none stands for the proposition that raw data from the Jobs Browser Pro program submitted by plaintiff's counsel for the first time to the Appeals Council provides sufficient grounds to reverse an ALJ's contrary step five determination which is itself supported by substantial evidence. See, e.g., Poisson v. Astrue, 2012 WL 1067661, at *9 (D.Me. March 28, 2012) ("vocational testimony as to job
(continued...)

Second, even if the evidence as a whole could support a finding of "disabled" at step five when the Job Browser Pro reports are considered, as noted above, this does not warrant reversing the ALJ's contrary finding which is also supported by substantial evidence. See Robbins, 466 F.3d at 882 (citation omitted); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.") (citation omitted).

Accordingly, a remand or reversal is not warranted.

## V.  CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  April 17, 2013

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

⁵(...continued)
numbers sufficiently reliable to support a Step 5 finding" where vocational expert relied on her own professional experience and expertise in addition to information derived from Job Browser Pro system), report and recommendation adopted, 2012 WL 1416669 (D. Me. Apr. 24, 2012); Cole v. Astrue, 2011 WL 5358557, *26 (D. Or. June 7, 2011) (vocational expert testimony based, in part, on information obtained from "Skill Trend by Job Browser" was "reliable" evidence of the number of jobs available in the national economy which plaintiff could perform), report and recommendation adopted, 2011 WL 5358550 (D. Or. Nov. 4, 2011); Pitts v. Astrue, 2011 WL 2553340, *6 (N.D. Ohio May 19, 2011) (ALJ properly relied on vocational expert testimony regarding number of jobs available even though vocational expert relied, in part, on information provided by Job Browser Pro program), report and recommendation adopted, 2011 WL 2553311 (N.D. Ohio Jun. 28, 2011); Drossman v. Astrue, 2011 WL 4496568, *7-*8 (N.D. Ohio July 15, 2011) (ALJ properly relied on vocational expert's opinion regarding job availability rather than plaintiff's post-hearing submission of conflicting statistical information from Job Browser Pro program), report and recommendation adopted, 2011 WL 4496561 (N.D. Ohio Sep. 27, 2011).